UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS MCGEE,

        Petitioner,

                                                        Case Number 08-11198
v.                                                        Honorable David M. Lawson

L. RAPELJE,

        Respondent.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

The petitioner, Curtis Omar McGee, presently confined at the Marquette Branch Prison in Marquette, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction of assault with intent to commit great bodily harm, discharging a firearm at an occupied structure, being a felon in possession of a firearm, carrying a concealed weapon, and three counts of possession of a firearm in the commission of a felony. He was sentenced as a second felony habitual offender to concurrent prison terms of ninety-five months to fifteen years for assault, three to six years for unlawfully discharging the firearm, forty-seven to ninety months on the felon-in-possession conviction, and a consecutive two years for the felony firearm convictions. The petitioner alleged that the trial court erred in admitting hearsay statements into evidence in violation of his right of confrontation, the prosecutor improperly impeached him with a prior felony conviction, the prosecutor's misconduct deprived him of a fair trial, the trial court failed to give the jurors a cautionary instruction on accomplice testimony, he was deprived of the effective assistance of trial counsel, and cumulative error. The respondent filed an answer to the petition, asserting that some of the claims were procedurally defaulted and others lacked merit. The Court reached the

merits on all the claims and agreed that the petitioner's claims were meritless. Therefore the petition was denied.

Pursuant to Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11, Rules Governing Section 2254 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The Court addressed all of the petitioner's claims and found them to be meritless. The Court now concludes that the petitioner has failed to make a substantial showing that he was denied his constitutional rights and that reasonable jurists could not debate the correctness of the Court's decision. Therefore, the Court will deny a certificate of appealability on this issue.

Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: December 30, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 30, 2010.

s/Deborah R. Tofil
DEBORAH R. TOFIL